IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

C. RICHARD OLSON,

       Plaintiff,

v.                                                      Case No. 14-2011-JTM

ERIC SHINSEKI,
UNITED STATES SECRETARY
 OF VETERANS AFFAIRS, et al.

       Defendants.

## ORDER

Plaintiff C. Richard Olson, acting pro se, filed his complaint on January 15, 2014, seeking "service connected disability of 60% or more and raised to 100%" because he alleges is unemployable due to service-related injuries, as well as $600,000 in actual damages and $5 million in punitive damages. Olson alleges that he was burned by radiation from the Hanford nuclear production site in the state of Washington and that those burns gave him cancer. He also alleges that he has post-traumatic stress disorder. Olson's complaint names as defendants Eric Shinseki in his capacity as the Secretary of Veterans Affairs and the Wichita Regional Office of the Department of Veterans Affairs, claiming they are responsible for denying him treatment and payment.

The court now has before it the defendants' Motion to Dismiss (Dkt. 11). The motion was filed on April 17, 2014, and Olson did not file a response. The defendants argue that the complaint should be dismissed for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1).

**I. Legal Standard - Motion to Dismiss for Lack of Subject Matter Jurisdiction**

Federal courts have limited jurisdiction and may exercise their power only when specifically authorized to do so. *Castanedo v. Immigration Naturalization Serv.*, 23 F.3d 1576, 1580 (10th Cir. 1994). Federal district courts have original jurisdiction of all civil actions arising under the constitution, laws, or treaties of the United States. 28 U.S.C. § 1331. Under Federal Rule of Civil Procedure 12(b)(1), a party may move for dismissal based upon a court's lack of subject matter jurisdiction. When analyzing a Rule 12(b)(1) motion to dismiss, the court presumes it lacks subject matter jurisdiction until the plaintiff can prove otherwise. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) ("It is to be presumed that a cause lies outside [the court's] limited jurisdiction, [ ] and the burden of establishing the contrary rests upon the party asserting jurisdiction.").

**II. Analysis**

The defendants argue that the court has no jurisdiction in this case. Specifically, they argue that the U.S. District Court for the District of Kansas is not one of the limited courts with jurisdiction to review the VA's benefits decisions. The court agrees, and dismisses the complaint for lack of subject matter jurisdiction.

"Title 38 U.S.C. § 511(a) vests exclusive jurisdiction with the Secretary of Veterans Affairs to 'decide all questions of law and fact necessary to a decision by the Secretary under a law that affects the provision of benefits by the Secretary to veterans.' " *Turner v. United States*, 501 Fed. App'x 840, 843 (10th Cir. 2012) (quoting 38 U.S.C. § 511(a)). Olson's complaint lists the Fourteenth Amendment, 28 U.S.C. § 1343

and "other grounds" as the bases for his suit. However, the statement of his claim is unrelated to these bases. Even reading Olson's complaint liberally because he is a pro se plaintiff, the court finds his claims are challenges to VA benefit determinations. As a result, this court has no subject matter jurisdiction to hear Olson's claims. *See Weaver v. United States*, 98 F.3d 518, 519–20 (10th Cir. 1996).

Olson's complaint also seeks monetary damages in excess of the benefits sought and denied. Assuming that his allegations against the individual VA employees are separate claims not precluded from judicial review by 35 U.S.C. § 511(a), they are still barred by the sovereign immunity enjoyed by the United States. *See Weaver*, 98 F.3d at 520.

"Sovereign immunity is jurisdictional in nature." *FDIC v. Meyer*, 510 U.S. 471, 476 (1994). "Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." *Id.* "It is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction." *United States v. Mitchell*, 463 U.S. 206, 212 (1983). Indeed, the "terms of [the United States'] consent to be sued in any court define that court's jurisdiction to entertain the suit." *Meyer*, 510 U.S. at 476 (quoting *United States v. Sherwood*, 312 U.S. 584, 586 (1941)). Olson's pleadings offer no grounds for finding an express waiver of immunity over any of the claims in question and, therefore, no proper grounds for jurisdiction in federal court. *See Weaver*, 98 F.3d at 520. Accordingly, the court dismisses the complaint. The court also denies the defendants' Motion to Stay Discovery (Dkt. 13), which sought a

stay in discovery until the court ruled on the motion to dismiss. This motion is moot as a result of this order.

Rather than responding to the defendants' Motion to Dismiss, Olson filed his own motion (Dkt. 14), seeking a court-appointed attorney, or, in the alternative, dismissal of the claim with the right to refile in one year. The court denies the motion as moot, as neither of these options sought by Olson would cure the defects in his claims identified above.

IT IS THEREFORE ORDERED this 3rd day of June, 2014, that the defendants' Motion to Dismiss (Dkt. 11) is granted.

IT IS ALSO ORDERED that the defendants' Motion to Stay Discovery (Dkt. 13) is denied.

IT IS ALSO ORDERED that Olson's Motion to Appoint Counsel (Dkt. 14) is denied.

s/ J. Thomas Marten
J. THOMAS MARTEN, CHIEF JUDGE